# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH LAICH, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:17CV786-PPS |
| | ) |
| INDIANA DEPARTMENT | ) |
| OF CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Joseph Laich, III, a prisoner without an attorney, filed this case in the Miami Circuit Court under cause number 52C01-1708-CT-316. The defendants removed it because it contained federal claims. When I screened the complaint pursuant to 28 U.S.C. § 1915A, I found that it did not state a claim, but granted Laich leave to file an amended complaint which he has now done.

A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Laich is an inmate at the Miami Correctional Facility. He alleges he was the victim of an excessive use of force on March 10, 2017. The emergency weapons team entered his housing unit around 6:10 a.m. in response to an inmate fight. All inmates were ordered to return to their cells, so he went to his cell and closed the door. Shortly thereafter, all cell doors in the unit were electronically opened so other inmates (who had not yet done so) could enter their cells. In response, Laich went to his door because he wanted to close it. While at the door, Sgt. Trevor Heishman shot him in the head with a gas-powered wooden projectile after being ordered to shoot by Sgt. Tim Dice.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Laich has plausibly alleged that Sgt. Heishman and Sgt. Dice inflicted cruel and unusual punishment on him in violation of the Eighth Amendment by acting maliciously and sadistically, in bad faith for no legitimate purpose.

However, he does not have a State law claim for negligence because if their actions were merely negligent, they would have been acting within the scope of their

2

employment. "Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). Instead, his negligence claim is against the Indiana Department of Correction on the claim raised in the Indiana Attorney General Tort Claim File Number 17-06871.

Laich alleges Sgt. Heishman and Sgt. Dice were not properly trained. However, "[a]n allegation of a 'failure to train' is available only [where] the policymakers had acquiesced in a pattern of constitutional violations." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). Here, the complaint does not mention any such pattern so it does not state a claim for failure to train.

Laich alleges that several individual supervisors are liable for not properly supervising Sgt. Heishman and Sgt. Dice. However, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of respondeat superior, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Neither is respondeat superior applicable to the State law claims because "[u]nder the doctrine of *respondeat superior,* an employer [not an *individual supervisor*] is vicariously liable for the wrongful or tortious acts of its employees that were committed within the course and scope of their employment." *Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 612 (7th Cir. 2008). Therefore, Laich's State law claim is limited to the one against

3

the Indiana Department of Correction which was raised in the Indiana Attorney General Tort Claim File Number 17-06871.

Laich alleges that after he was shot, he was falsely charged with refusing to secure in his cell and that several defendants wrote false witness statements in support of the false conduct report. However, "an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided." *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1983). "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Here, Laich was given a hearing and pleaded guilty to interfering with staff in violation of C-364. However, because he was not punished with the loss of earned credit time, he has not alleged facts indicating that he was entitled to due process before he was placed in segregation for 11 days and denied commissary for 15 days. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (Due process is only required when the punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life.") and *Gillis v. Litscher*, 468 F.3d 488, 492 (7th Cir. 2006) (Short term placements in segregation are not an atypical and significant hardship.). Therefore these allegations do not state a claim.

4

Laich further alleges the false conduct report was written in retaliation to cover up the improper use of force and for his having requested medical treatment after he was shot in the head. "To establish a First Amendment retaliation claim, the plaintiff must establish that he engaged in protected First Amendment activity, suffered a deprivation that would likely deter future First Amendment activity, and the First Amendment activity was a motivating factor in the defendant's decision to take the retaliatory action." *Walker v. Groot*, 867 F.3d 799, 803 (7th Cir. 2017). It may be the conduct report was written to falsely justify an improper use of force, but such a motivation would not be in response to a protected First Amendment activity, therefore it would not state a claim. To the extent that his request for medical treatment is a protected activity, "for retaliation for filing petitions to be actionable, the means of retaliation must be sufficiently clear and emphatic to deter a person of 'ordinary firmness' from submitting such petitions in the future." *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). Here, the complaint does not allege a plausible link between the medical request and the conduct report. Moreover, it is not reasonable to believe that a conduct report would deter a prisoner from seeking medical treatment for a serious injury after being shot in the head. Additionally, Laich pleaded guilty and "the disciplinary board found him guilty of . . . the charge, demonstrating that some legitimate reason existed to support the disciplinary ticket. "*See Mays v. Springborn*, 719 F.3d 631, 634 (7th Cir. 2013) (defendants in a retaliation claim can prevail if they show it was 'more likely than not' that the events would have taken place even if there had

been no retaliatory motive)." *Pegues v. Scott*, 675 F. App'x 621, 624 (7th Cir. 2017). Therefore the allegation of retaliation does not state a claim.

Finally, Laich filed a motion for summary judgment. Based on his complaint he has stated several claims. But the defendants have not yet responded. Laich has not yet proven anyone is financially liable to him. Therefore I must deny the motion.

ACCORDINGLY, the court:

(1) GRANTS Joseph Laich, III, leave to proceed against Sgt. Trevor Heishman and Sgt. Tim Dice in their individual capacities for compensatory damages for shooting him in the head with a gas-powered wooden projectile on March 10, 2017, in violation of the Eighth Amendment;

(2) GRANTS Joseph Laich, III, leave to proceed against the Indiana Department of Correction for compensatory damages on the State law claim raised in the Indiana Attorney General Tort Claim File Number 17-06871;

(3) DISMISSES all other claims;

(4) DISMISSES Miami Correctional Facility, Kathy Griffin, Danny Tucker, Faith Truax, John Heater, Allen Burton, David Carlile, and Miami Corr. Facility Weapons Team;

(5) DENIES the motion for summary judgment (ECF 8); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Trevor Heishman, Sgt. Tim Dice, and the Indiana Department of Correction to respond to the amended complaint (ECF 12) by **June 28, 2018**, as provided for in the Federal Rules of Civil Procedure and

N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 10, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT